```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

CARLA J. CALLENDER,            )
                               )
          Plaintiff,           )
                               ) C.A. No. 03-12582-REK
     v.                        )
CAMBRIDGE HEALTH               )
ALLIANCE, et al.,              )
                               )
          Defendants.          )
```

## MEMORANDUM AND ORDER

For the reasons stated below, plaintiff's complaint shall be dismissed.

## BACKGROUND

On December 11, 2003, plaintiff Carla Callender, a resident of Cambridge, Massachusetts, filed an application to proceed without prepayment of the filing fee and a complaint naming (1) Cambridge Health Alliance; (2) the Cambridge Housing Authority; (3) Dorothy Hudson, a resident at Cambridge Housing; (4) Verizon-ComCast; and (5) Robert Pann, a resident of Cambridge.

Callender alleges, in rather graphic detail, that in December 2000, the Cambridge Health Alliance and a team of doctors placed a foreign object in her body and "tampered and cut" several of her organs and body parts. Complaint, p. 3-31. She contends that these acts, as well as other alleged acts of drugging and harassment were part of a conspiracy involving the remaining defendants and a purported "study" or

"experiment" on her. Id. She asserts that due to these alleged events, her civil rights were violated. Id.

## ANALYSIS

I. The Court May Screen This Action

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue so that the Court may conduct a preliminary review of the complaint and determine if it satisfies the substantive requirements of Section 1915. See 28 U.S.C. § 1915. A district court may dismiss a complaint filed in forma pauperis "at any time" if the court determines that the action lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the former § 1915(d)); 28 U.S.C. § 1915(e)(2)(b).

In forma pauperis complaints may be dismissed sua sponte and without notice under Section 1915 if the claims are based on an indisputably meritless legal theory or factual allegations that are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); see Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001)(citations omitted) (sua sponte dismissal appropriate where allegations contained in the complaint, taken in the light most favorable to the

plaintiff, are patently meritless and beyond all hope of redemption). Here, plaintiff's claims are based on indisputably meritless legal theories because she has named private, rather than state, actors and because she has failed to claim that any action by the Cambridge Housing Authority was based on a custom or policy.[1]

    A.   Section 1983

    1.   State Action

To the extent that plaintiff's complaint may be construed as an attempt to state a federal cause of action under Section 1983, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam) (pro se complaints must be construed liberally), her claims against defendants Cambridge Health Alliance, Dorothy Hudson, Robert Pann, and Verizon-Comcast fail because these defendants are private entities or citizens and are not state actors.

In order to state a Section 1983 claim, a plaintiff must allege (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the

---

[1] The Court will not address, at this time, other possible bases of dismissal, such as lack of factual merit. A claim lacks factual merit if clearly baseless factual allegations describe fantastic or delusional scenarios. See Neitzke, 490 U.S. at 327-28. Fantastic or delusional scenarios involve alleged facts that are irrational or wholly incredible. Denton, 504 U.S. at 33.

3

Constitution or laws of the United States. Rumford Pharmacy, Inc. v. City of East Providence, 970 F.2d 996, 998 (1st Cir. 1992).[2]

Section 1983 does not provide relief against most private individuals or entities because of the requirement that a deprivation be caused by a person acting "color of state law." Gonzalez-Morales v. Hernandez-Arencibia, 221 F.3d 45, 49 (1st Cir. 2000). In order for a private actor to be deemed to have acted under color of state law, it is not enough to show that the private actor performed a public function.

Instead, a plaintiff must demonstrate the existence of: (1) an elaborate financial or regulatory nexus between the defendant and the state which compelled the defendant to act as he did; (2) an assumption by defendant of a traditional public function; or (3) a symbiotic relationship involving the

---

[2]Section 1983 provides, in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

sharing of profit.  Barrios-Velazquez v. Asociacion de Empleados del Estado Libre Asociado de Puerto Rico, 84 F.3d 487, 493 (1st Cir. 1996); Rockwell v. Cape Cod Hosp., 26 F.3d 254, 258 (1st Cir. 1994) (same).

Plaintiff has alleged no facts indicating that any of these tests would be met and thus, her claims are subject to dismissal. See Ciambriello v. County of Nassau, 292 F.3d 307, 324 (2d Cir. 2002) (conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity); Scott v. Hern, 216 F.3d 897, 907 (10th Cir. 2000) (when a plaintiff in a § 1983 action attempts to assert "state action: by implicating state officials or judges in a conspiracy with private defendants, mere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action).

2.  Custom or Policy

Plaintiff's claims against the Cambridge Housing Authority fail because she has failed to allege the existence of an unconstitutional custom or policy.  Even assuming that plaintiff is attempting to state a claim against the city of Cambridge, her complaints are subject to dismissal because they are based on a theory of respondeat superior.

Liability under Section 1983 is direct, not vicarious. Pinto v. Nettleship, 737 F.2d 130, 132 (1st Cir. 1984) (no respondeat superior liability under § 1983). Section 1983 liability may only be imposed upon officials who were involved personally in the deprivation of constitutional rights, and may not be premised solely on the employer-employee relationship between an entity and the alleged tortfeasor. Id.; see Guzman v. City of Cranston, 812 F.2d 24, 26 (1st Cir. 1987); accord Rodriguez-Vazquez v. Cintron-Rodriquez, 160 F. Supp. 2d 204, 210-213 (D. P.R. 2001) (dismissing claims, allegation that defendant was "ultimately responsible for the selection and/or supervision and/or training and/or discipline of his subordinates" was insufficient).

Although municipalities are "persons" for purposes of Section 1983, liability against these political subdivisions also may not arise vicariously. Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 279 (1977); Monell v. Department of Soc. Servs., 436 U.S. 658, 691-92 (1978). Instead, municipalities are liable only for acts for which the entity itself is responsible, meaning acts the entity has embraced as a policy or custom. Monell, 436 U.S. at 690-91; accord Polk County v. Dodson, 454 U.S. 312, 325 (1981).

Plaintiff's complaints contain no allegations that any act

complained of occurred pursuant to a city policy or was one of a series of incidents amounting to an unconstitutional custom or practice or resulted from the decision of a city policymaker with policymaking authority.  Because municipalities cannot be held liable under Section 1983 in the absence of proof that the deprivation of constitutional rights was caused by an unconstitutional policy or practice, Section 1983 complaints, like plaintiff's, which fail to include such allegations, do not state a claim upon which relief can be granted.  <u>Baxter by Baxter v. Vigo County Sch. Corp.</u>, 26 F.3d 728, 736 (7th Cir. 1994) (dismissing for failure to sufficiently allege any policy or custom on the part of defendant); <u>accord</u> <u>Buchanan v. City of Kenosha</u>, 57 F. Supp. 2d 675, 679 (E.D. Wis. 1999) (same); <u>Stratton v. City of Boston</u>, 731 F. Supp. 42, 47 (D. Mass. 1989) (same).

## CONCLUSION

ACCORDINGLY, this action is dismissed as lacking any legal merit under 28 U.S.C. § 1915(e)(2) for the reasons stated above.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>24th</u> day of <u>February</u>, 2004.

<u>s/ Robert E. Keeton</u><br>
ROBERT E. KEETON<br>
UNITED STATES SENIOR DISTRICT JUDGE